## TUFTS *v.* TUFTS.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted October 21, 1887. — Decided October 31, 1887.

In this suit the facts found are not materially and substantially different from those alleged in the bill, and they will support a decree for the relief asked for.

In equity. Decree for complainant. Respondent appealed. The case is stated in the opinion of the court.

*Mr. Benjamin Sheeks* and *Mr. J. M. Rawlins* for appellant.

*Mr. Arthur Brown* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a suit in equity begun on the first of August, 1882, by Elmira P. Tufts, then in life, against Elbridge Tufts, her son, to set aside a deed executed by her to him, bearing date June 26, 1882, on the ground that it was obtained by fraud. The material averment in the complaint is, that "defendant . . . promised the plaintiff in the month of June, 1882, if she would execute an agreement, which he then, on or about said June 26, 1882, had drawn up and read to plaintiff, . . ., that the defendant would build the plaintiff, at his own expense, a nice brick house upon his, said defendant's, lot of land, situated immediately east of and adjoining on the eastern portion of the above-described lot of land, which was owned by the plaintiff, . . . and give her a life lease of the same to use to her own benefit, free from any and all expense to her during her natural life, said brick building to be commenced by defendant as soon as the plaintiff would sign said written agreement then drawn up by the defendant;" and that the deed was signed and executed under the belief, induced by the false and fraudulent statements of the defendant, that it was that agreement. At the hearing the court made, among others, the following finding of fact:

"That at the time of the execution of said deed plaintiff did not know that it was a deed of her property in question, but believed it to be a life lease of property belonging to the defendant, upon which she was agreeing to assist in building a house; that prior to the time of the execution of said deed there had been negotiations between the said plaintiff and the said defendant to the effect that the plaintiff should assist defendant with money to build a house upon lands of his own, and that the plaintiff should have a life lease of the same;

that after such negotiations had taken place she directed defendant to prepare the proper papers; that defendant, instead of preparing the papers directed by plaintiff, prepared a warrantee deed of the land in question, and procured the signature of the plaintiff thereto; that the same was not read to the plaintiff, and she did not know the contents thereof; that there was no consideration for the same passed between the parties, and that the plaintiff signed the same under the belief that it was a paper relative to a life lease to her of the said land of the defendant upon which said building was to be erected; that the signature of the plaintiff to the said deed was procured by the fraud of the defendant; that the defendant never has attempted to build any such house as was contemplated by the agreement for the life lease."

Upon this finding a decree was entered declaring the deed null and void, and directing the defendant to reconvey to the plaintiff. From that decree this appeal was taken.

The objection now urged to the decree is, not that it is wrong upon the facts found, but that the findings make a different case from that alleged in the complaint. To this we cannot agree. The suit was brought to set aside the deed because it was executed in the belief, caused by the false and fraudulent statements of the defendant, that it was an agreement under which the plaintiff was to have a life lease of property belonging to the defendant, and not a deed conveying her own property absolutely in fee to him. That is substantially the finding of the court, and, in a suit in equity for relief on the ground of fraud, it is enough if the facts found are not materially and substantially different from those alleged in the bill.

*The decree is affirmed.*